UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD MCCANN                                     CIVIL ACTION

VERSUS

BEST BUY CO., INC. ET AL.                  NO.: 17-00108-BAJ-RLB

## RULING AND ORDER

Before the Court is **T.D. Farrell Construction, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 10)** and **The Charter Oak Fire Insurance Company's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 11)**. Third-party Defendants, T.D. Farrell Construction, Inc. ("T.D. Farrell") and The Charter Oak Fire Insurance Company ("Charter Oak") seek to dismiss the claims brought by third-party Plaintiff Best Buy Company, Inc. ("Best Buy") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Best Buy filed an Opposition to the Motions to Dismiss. (Doc. 23). Charter Oak then filed a Reply in Support of the Motion to Dismiss. (Doc. 33). T.D. Farrell also filed a Reply in Support of the Motion to Dismiss. (Doc. 34). In response, Best Buy filed Sur-Replies in Opposition to the Motions to Dismiss. (Docs. 35, 36). Lastly, Charter Oak filed a Sur-Reply in Support of the Motion to Dismiss. (Doc. 37). The Court has jurisdiction under 28 U.S.C. § 1332. Oral argument is not necessary. For the following reasons, the **Motions to Dismiss (Docs. 10, 11) are DENIED**.

I.  BACKGROUND

Plaintiff Thomas McCann ("McCann") filed suit against Best Buy and Thomas Grace Construction, Inc. ("Thomas Grace") on June 29, 2015, which was removed to federal court on February 24, 2017. (Doc. 1). On May 25, 2017, McCann filed an amended complaint in which T.D. Farrell was added as an additional Defendant. (Doc. 38). McCann seeks to recover from Best Buy, T.D. Farrell, and Thomas Grace for injuries sustained on July 2, 2014, while remodeling a Best Buy store located in Baton Rouge, Louisiana. (*Id.* at ¶¶ 5–8). McCann alleges that he worked under the direction and supervision of Best Buy, T.D. Farrell, and Thomas Grace. (*Id.*). During the construction work, Best Buy and Thomas Grace allegedly directed McCann to remove and relocate a large interior wall with inadequate assistance in an area covered with construction debris. (*Id.* at ¶ 6). As he was performing this work, certain Best Buy employees purportedly caused the "large interior" wall to topple over onto McCann, causing his injuries. (*Id.* at ¶¶ 7, 10–11).

On January 4, 2017, Best Buy was granted leave in the 19th Judicial District Court, State of Louisiana, to file a Third Party Demand against T.D. Farrell and Charter Oak. (Doc. 1-4). According to Best Buy, McCann was employed by Thomas Grace, which is the subcontractor on the Best Buy store remodeling project. (*Id.* at p. 3). Best Buy alleges that it entered into a "Lump Sum (LS) Remodel Construction Contract" ("the Construction Contract") with T.D. Farrell to act as general contractor on the Best Buy store remodeling project. (*Id.* at ¶ 3; Doc. 10-2). Best Buy further alleges that the Construction Contract between it and T.D. Farrell required T.D.

2

Farrell "to fully defend, indemnify, and hold harmless Best Buy against any and all liability, claims, suits, actions, losses and expenses, including costs and attorney fees, relating to or arising out of any claim or demand . . . by any employees or subcontractors performing work on the site who are injured during or arising out of" the Best Buy store remodeling project. (*Id.* at ¶ 4). Moreover, Best Buy alleges that the Construction Contract required T.D. Farrell to name Best Buy as an additional insured on T.D. Farrell's general insurance policies to provide coverage to Best Buy for bodily injuries and damages such as the injuries allegedly sustained by McCann. (*Id.* at ¶ 5). Best Buy further alleges that it is entitled to defense and indemnity from the general liability insurance policy, "Commercial General Liability Policy" ("the Charter Oak Policy"), obtained by T.D. Farrell issued through Charter Oak. (Doc. 10-5). According to Best Buy, it is entitled to defense and indemnity from Charter Oak both as an additional insured under the Charter Oak Policy and the policy's purported obligation to provide contractual coverage to Best Buy for the indemnity provision contained in the Construction Contract. (Doc. 1-4 at ¶ 8). Best Buy seeks indemnity from T.D. Farrell and Charter Oak for any damages Best Buy must pay to McCann, as well as any expenses incurred defending against McCann's claims. (*Id.* at ¶ 10). Finally, Best Buy asserts that T.D. Farrell and Charter Oak are acting in bad faith by failing to defend it in this action. (*Id.* at ¶ 11).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain

3

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

Furthermore, in considering a Rule 12(b)(6) Motion to Dismiss, "the court may review the documents attached to the motion to dismiss, *e.g.*, the contracts [at] issue here, where the complaint refers to the documents and they are central to the claim." *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

## III. DISCUSSION

In support of their motions to dismiss, T.D. Farrell and Charter Oak attached the Construction Contract and the Charter Oak Policy at issue. (Docs. 10-2, 10-5). According to Section 8.15 of the Construction Contract ("the indemnity provision") between Best Buy and T.D. Farrell:

> The Contractor shall indemnify and hold harmless the Owner [and the Owner's] . . . agents and employees from and against all claims, damages, losses, and expenses including attorney's fees arising on account of loss, claims, damages and expenses . . . because of bodily injury . . . sustained by any person . . . arising out of, resulting by or for Contractor in the course of fulfillment of Contractor's obligations under this Contract . . . excluding, however, damage . . . or injury caused solely by Owner's negligence.

(Doc. 10-2 at pp. 7–8). T.D. Farrell and Charter Oak argue that the above indemnity provision in the Construction Contract is void and unenforceable because Best Buy was negligent. (Docs. 10-1, 11-1). Particularly, T.D. Farrell and Charter Oak cite Louisiana Revised Statute § 9:2780.1, which prohibits any provision in a construction contract which purports to indemnify, defend, or hold harmless, or has the effect of indemnifying, defending or holding harmless, an indemnitee such as Best Buy from liability for loss or damage resulting from its own negligence. La. Rev. Stat. ann. §9:2780.1 (B). (Docs. 10-1, 11-1). To support this argument, T.D. Farrell and Charter Oak rely on McCann's complaint, now amended, which asserted that he worked under the direction and supervision of Best Buy and Thomas Grace and that Best Buy and Thomas Grace directed him to remove and relocate a "large interior" wall with inadequate assistance in an area covered with construction debris. (Doc. 38 at ¶¶ 5–6; Doc. 10-1 at p. 5; Doc. 11-1 at p. 6).

5

T.D. Farrell and Charter Oak further argue that § 9:2780.1 also prohibits any provision in a construction contract which purports to require an indemnitor like T.D. Farrell to procure liability insurance covering the acts or omissions of an indemnitee like Best Buy, unless there is evidence that the indemnitor recovered the cost of the required insurance in the contract price. La. Rev. Stat. ann. § 9:2780.1 (C), (I). (Doc. 10-1 at p. 6; Doc 11-1 at p. 8). T.D. Farrell and Charter Oak also assert that the third-party demand should be dismissed pursuant to Louisiana's comparative fault scheme, La. Civ. Code Ann. art. 2323(A) and 2324(B),[1] because Best Buy will never bear any liability to McCann for T.D. Farrell's acts or omissions; thus, Best Buy can only be liable to McCann for Best Buy's own percentage of fault. (Doc. 10-1 at p. 5; Doc. 11-1 at pp. 6–7). Additionally, Charter Oak argues that Best Buy is not an insured under the Charter Oak Policy[2] and that the Charter Oak Policy does not provide contractual coverage to Best Buy for the indemnity provision in the Construction Contract. (Doc. 11-1 at p. 2).

The complaint, in this case, must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017). By its own terms, Rule 14 provides that defenses, cross-claims, and

---

[1] "In any action for damages where a person suffers injury, . . . the degree or percentage of fault of all persons causing or contributing to the injury . . . shall be determined" and "[a] joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person." La. Civ. Code ann. art. 2323(A) and 2324(B).

[2] Additional insured status under the Charter Oak Policy requires a threshold showing that T.D. Farrell entered a written contract requiring T.D. Farrell to add Best Buy as an additional insured on T.D. Farrell's liability insurance policy with Charter Oak. (Doc. 10-5 at p. 46).

counterclaims must be filed in accordance with Rules 12 and 13. *See* Fed. R. Civ. P. 14(a). Under the definition of Rule 7, a third-party complaint, like an original complaint, is a pleading whose form is prescribed by Rule 8. *See* Fed. R. Civ. P. 7. It would therefore appear that a third-party complaint is subject to the same liberal rules of construction as an original complaint. At this stage, the Court must accept as true, the allegations contained in the "complaint" before it, that is, the Third Party Demand filed by Best Buy. Thus, the Court cannot accept as true the allegation that Best Buy was negligent, rendering the contractual provision void under § 9:2780.1 (B), (C), and (I) because Best Buy neither asserts nor claims to have been negligent in its third-party demand. (*see* Doc. 1-4). However, the Court may consider such evidence at the summary judgment stage in the proceeding.

Here, T.D. Farrell and Charter Oak both base the invalidation of the indemnification provision on the fact that McCann alleges, in his complaint, that Best Buy was negligent. In its third-party demand, Best Buy does not address its potential fault regarding the injuries sustained by McCann, rather Best Buy avers that Section 8.15 of the Construction Contract between it and T.D. Farrell requires T.D. Farrell to fully defend, indemnify, and hold harmless Best Buy against liability arising out of the claims by McCann due to his injury during the Best Buy store remodeling project. (Doc. 1-4 at ¶ 4). Also, Best Buy avers that the Construction Contract requires T.D. Farrell to name Best Buy as an additional insured on its insurance policies, such as that with Charter Oak. (*Id.* at ¶ 5; Doc. 10-2 at p. 19). Consequently, Best Buy has plausibly pleaded that it is entitled to defense and indemnification pursuant to the

7

Construction Contract and the Charter Oak Policy. Therefore, considering the "complaint" upon which the motion to dismiss is based, that is, the Third Party Demand, the motions to dismiss are denied.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that **T.D. Farrell Construction, Inc.'s** Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that **The Charter Oak Fire Insurance Company's** Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 11) is **DENIED**.

Baton Rouge, Louisiana, this 30th day of November, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA