UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD MCCANN | CIVIL ACTION |
| VERSUS | |
| BEST BUY CO., INC. ET AL. | NO.: 17-00108-BAJ-RLB |

RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 53)** filed by Defendant, Best Buy Company, Inc. ("Best Buy") seeking the dismissal of all claims brought by Plaintiff, Richard McCann pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff filed an Opposition. (Doc. 54). Best Buy then filed a Reply. (Doc. 57). The Court has jurisdiction under 28 U.S.C. § 1332. Oral argument is not necessary. For the reasons explained herein, the **Motion for Summary Judgment (Doc. 53)** is **GRANTED**.

I. BACKGROUND

On June 6, 2014, Best Buy entered into a written contract with T.D. Farrell Construction, Inc. ("T.D. Farrell") for T.D. Farrell to act as a general contractor to remodel its store ("Best Buy Project") located in Baton Rouge, Louisiana. (Doc. 54-3 at ¶ 5). T.D. Farrell then subcontracted with Thomas Grace Construction, Inc. ("Thomas Grace") for the shelving and fixture work on the Best Buy Project. (Id. at ¶ 7). Thereafter, Thomas Grace entered into a written sub-subcontract with

American 9, Plaintiff's direct employer, to provide the labor for the Best Buy Project. (*Id.* at ¶¶ 8–9).

Furthermore, the contract between Best Buy and T.D. Farrell contains a choice-of-law provision. (Doc. 50-3 at p. 14). Specifically, Article 24 of the contract entitled "Governing Law" provides that "[t]his Agreement shall be governed and construed in accordance with the laws of the State of Minnesota. The parties to this Contact [sic] consent to the jurisdiction of the state and federal courts located in Minneapolis, Minnesota." (*Id.*).

On July 2, 2014, while Plaintiff was performing construction work on the Best Buy Project, he was instructed to remove and relocate a large interior wall. (Doc. 54 at p. 3). While Plaintiff was performing the directed tasks, he was injured by Best Buy employees who caused a large wall unit to fall on top of him. (*Id.*). As a result of his injuries while performing work on the Best Buy Project, Plaintiff received Worker's Compensation benefits. (Doc. 53-2 at p. 3).

On June 29, 2015, Plaintiff filed suit against, *inter alios*, Best Buy and Thomas Grace, who removed the matter to federal court on February 24, 2017. (Doc. 1). In his amended complaint, Plaintiff alleged that his injures are a direct and proximate result of the wrongful conduct of Defendants Best Buy, Thomas Grace, and T.D. Farrell under Louisiana tort law. (Doc. 38 at ¶ 9).

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment

2

as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted).

In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997) (citing *Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir. 1994)). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled

to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

III. **DISCUSSION**

Best Buy argues that it is Plaintiff's "statutory employer" in accordance with the Louisiana Worker's Compensation Act ("LWCA"), La. Rev. Stat. § 23:1032(B) and § 23:1061(A)(1); thus, it is immune from tort liability. (Doc. 53-2 at pp. 1–2). Specifically, Best Buy argues that it is a statutory employer—*i.e.* an employer who uses contracted employees—under the "trade, business or occupation defense." (*Id.* at p. 2).

In opposition, Plaintiff argues that the choice-of-law provision in Best Buy's contract with T.D. Farrell precludes the application of LWCA. (Doc. 54 at p. 1). Specifically, Plaintiff contends that Best Buy chose Minnesota law to apply to any interpretation of the contract, and Minnesota law does not recognize a statutory employer exception. (*Id.* at p. 2).

A. **Choice-of-Law Provision**

According to Best Buy, Plaintiff's choice-of-law argument is groundless because he was not a party to the contract; therefore, the contract's choice-of-law provision does not apply to him. (Doc. 57 at p. 2). And even if it does, his suit is based on tort law, not contract law. (*Id.* at p. 3).

Where, as here, a court is sitting in diversity it must apply the choice-of-law rules of the forum in which it sits. *Burdett v. Remington Arms Company, L.L.C.*, 854 F.3d 733, 735 (5th Cir. 2017); *McGee v. Arkel Int'l, LLC*, 671 F.3d 539, 542 (5th Cir.

4

2012). Accordingly, Louisiana choice-of-law rules apply. In Louisiana, a choice-of-law provision in a contract is presumed valid. *Barnett v. Am. Const. Hoist, Inc.*, 2011-1261 (La. App. 1 Cir. 2/10/12), 91 So. 3d 345, 349 ("where parties stipulate the state law governing the contract, Louisiana conflict of laws principles require that the stipulation be given effect"); La. Civ.Code Ann. art. 3540; *see also Mobil Exploration & Producing U.S., Inc. v. Certain Underwriters Subscribing to Cover Note 95–3317(A)*, 01–2219 (La.App. 1 Cir. 11/20/02), 837 So.2d 11, 42–43, *writs denied*, 03–0418 (La.4/21/03), 841 So.2d 805, and 03–0417, 03–0427, 03–0438 (La.5/16/03), 843 So.2d 1129–30.

Nonetheless, the choice-of-law provision cited by Plaintiff only purports to bind Best Buy and T.D. Farrell in terms of which law governs the contract and applies to its construction. (Doc. 50-3 at p. 14). The choice-of-law sentence states only that "[t]his Agreement shall be governed and construed in accordance with the laws of the State of Minnesota." (*Id.*). Notably, the provision does not purport to govern all claims arising out of the parties' contractual relationship. Courts in this circuit have repeatedly construed similarly worded choice-of-law clauses to apply only to contract claims and not to tort claims arising out of the contractual relationship. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726-27 (5th Cir. 2003)(applying Texas choice-of-law principles and holding that a choice-of-law clause stating that the "Agreement shall be governed by, and construed in accordance with, the internal laws of the State of New York" applied only to construction and interpretation of the contract and did not encompass plaintiff's claims of fraud and

negligent misrepresentation); *Thompson & Wallace of Memphis, Inc. v. Falconwood Corp.*, 100 F.3d 429, 433 (5th Cir. 1996)(holding that a choice-of-law clause that applied to the "agreement and its enforcement" did not encompass tort claims because such claims were separate from the agreement and its enforcement).

Therefore, the Louisiana tort claims raised in the complaint are subject to a normal choice-of-law analysis.[1] *See, e.g., Caton v. Leach Corp.*, 896 F.2d 939, 943 & n. 3 (5th Cir. 1990) ("The parties' narrow choice of law clause does not address the entirety of the parties' relationship, however, and hence does not end our inquiry."). As such, the Court need not address whether Plaintiff has a right to assert the choice-of-law provision in Best Buy's and T.D. Farrell's contract. Accordingly, the Court analyzes Plaintiff's tort claims pursuant to Louisiana law.

### B. Statutory Employer Doctrine

Plaintiff argues that Best Buy is liable in tort for the injuries he sustained because under LWCA Best Buy is not his statutory employer, and thus it is not immune from tort liability. (Doc. 54 at p. 7). Best Buy contends that, as Plaintiff's statutory employer, Plaintiff's claim of negligence is barred by the exclusivity provision of the LWCA. (Doc. 53-2 at p. 1).

---

[1] Under the Louisiana conflict of laws article governing "issues of conduct and safety," "cases in which the conduct that caused the injury occurred in [Louisiana] and was caused by a person who was domiciled in, or had another significant connection with, [Louisiana] . . . are governed by the law of [Louisiana]." La. Civ. Code Ann. art. 3543. Further, Louisiana conflict of laws provide that "a juridical person that is domiciled outside this state, but which transacts business in this state and incurs a delictual or quasi-delictual obligation arising from activity within this state, shall be treated as a domiciliary of this state." La. Civ. Code Ann. art. 3548. The Court finds that Plaintiff was injured in a Best Buy store located in Louisiana, and that such injury was caused by a juridical entity domiciled in and having a significant connection with Louisiana under Articles 3543 and 3548. Thus, Louisiana law shall apply.

Under the LWCA, an employer is liable for compensation benefits to an employee who is injured as a result of an accident arising out of and in the course of employment. La. Stat. Ann. § 23:1031(A). Generally, the recovery of workers' compensation is the employee's exclusive remedy against the employer for such injury. *Id.* at § 23:1032(A)(1)(a); *see also Wright v. Excel Paralubes*, 807 F.3d 730, 732 (5th Cir. 2015). The LWCA applies to both direct employer/employee relationships, as well as to statutory employer/employee relationships. *Id.* at § 23:1061; *Wright*, 807 F.3d at 732. *See also Lopez v. U.S. Sprint Commc'ns Co.*, 2007-0052 (La. App. 4 Cir. 12/5/07), 973 So. 2d 819, 824, *writ not considered sub nom.*, 2008-0054 (La. 2/1/08), 976 So. 2d 708.

With regard to "statutory employers," the LWCA provides:

> [W]hen any "principal" . . . undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any . . . "contractor", for the execution . . . of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him.

*Id.* at § 23:1061(A)(1). "Simply put, a statutory employer/employee relationship can arise when, in conformance with [] § 23:1061, a principal hires a contractor to perform services that are part of the principal's business; in this situation, the principal can become the statutory employer of the contractor's employees." *Nielsen v. Graphic Packaging Intern., Inc.*, 469 F. App'x. 305, 307 (5th Cir. 2012). For purposes of §23:1061, "work" shall be considered part of the principal's trade, business, or

7

occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services. *Lopez*, 973 So. 2d at 824 (citing § 23:1061(A)(1)).

Nonetheless, when the principal enters into a written contract recognizing it as the statutory employer of the other party's employees, "there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees." *Id.* at § 23:1061(A)(3). "This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." *Id.*

Here, the written contract between Best Buy and T.D. Farrell does not explicitly or implicitly recognize that a statutory employer relationship exists between Best Buy, T.D. Farrell, Thomas Grace, or even American 9 as to any direct or statutory employees. Thus, Plaintiff's argument that there is a rebuttable presumption under the facts of this case is incorrect. (Doc. 54 at pp. 6–8). There being no presumption to rebut, the Court finds that Best Buy has provided sufficient evidence to establish that the remedies provided to statutory employers under LWCA apply to the facts in this case.

> [T]he Louisiana legislature clearly intended for the exclusive remedy provisions of LSA–R.S. 23:1032 to be extended to all "principals," however far removed from the direct employer of the injured worker, who contracted to perform the work in which the injured party is engaged at the time of the injury. The statute specifically states that a principal is liable for worker's compensation to "any employee employed in the execution of the work." That language certainly covers employees of sub-subcontractors.

8

*Berard v. The Lemoine Co., LLC*, 2015-152 (La. App. 3 Cir. 7/8/15), 169 So. 3d 839, 845, *writ denied*, 2015-1516 (La. 10/23/15), 179 So. 3d 606 (quoting *Crochet v. Westminster City Ctr. Prop.*, 572 So.2d 720, 722–23 (La.App. 4th Cir.1990)).

Particularly, Best Buy asserts that it is Plaintiff's statutory employer under the "trade, business, or occupation" defense.[2] (Doc. 53-2 at p. 2). First, there is sufficient evidence to establish that Best Buy is a "principal" within the meaning of the LWCA because Best Buy contracted to perform a renovation of one of its stores with a contractor (T.D. Farrell), a subcontractor (Thomas Grace), and a sub-subcontractor (American 9) for the execution of the whole or any part of the work, *see id.* at § 23:1032, and Plaintiff was an employee employed in the execution of the work.

Second, the renovation of Best Buy's store is considered "work" in reference to § 23:1061(A)(1). The renovation of Best Buy's building is essential to its ability to generate and sell its products, goods, and services. Further, this renovation is essential to Best Buy's ability to advertise, and sell its products and services to its consumers. Therefore, Best Buy's assertion of the "business, trade, or occupation" defense is applicable, and the work conducted at its store suffices to establish Best Buy as Plaintiff's statutory employer. The Court finds that Best Buy was a statutory employer entitled to tort immunity under § 23:1032 of the Louisiana Worker's Compensation Act.

---

[2] "In response to a tort action, § 23:1061 encompasses two alternative threshold bases for the statutory employer defense: (1) contracting by a principal with another for the execution of work which is part of the principal's trade, business or occupation; or (2) contracting by a principal with another to perform all or any part of the work which the principal is contractually obligated to perform," which is commonly referred to as the "two-contract" defense. *Thomas v. State, Dept. of Transp. and Dev.*, 27,203, p. 4 (La.App. 2 Cir. 10/12/95), 662 So.2d 788, 792 (citing *Freeman v. Moss Well Serv. Inc.*, 24,501, (La.App.2d Cir.2/24/93), 614 So.2d 784, 786). Both, however, are applicable under the facts of this case.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Best Buy's **Motion for Summary Judgment (Doc. 53)** is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims brought by Plaintiff, Richard McCann against Defendant, Best Buy Company, Inc. are hereby **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 3rd day of July, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**